# EXHIBIT "A"

Case 1:21-cv-01154-MLB   Document 1-1   Filed 03/22/21   Page 2 of 8

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01642-S2**
**3/2/2021 4:51 PM**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

*Tiana P Garner*
CLERK OF STATE COURT

_____

_____

_____

PLAINTIFF

CIVIL ACTION NUMBER: **21-C-01642-S2**

VS.

_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **2ND** day of **MARCH**, 20 **21**.

**TIANA P GARNER**

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _Nichole Norton_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

Case 1:21-cv-01154-MLB   Document 1-1   Filed 03/22/21   Page 3 of 8

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01642-S2**
**3/2/2021 4:51 PM**

*Tiana P. Garner*
CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARLA SPENCE,<br><br>       PLAINTIFF,<br>v.<br><br>DOLLAR TREE STORES, INC.; FAMILY DOLLAR STORES OF GEORGIA, LLC; and JOHN DOE,<br><br>       DEFENDANTS. | Civil Action File_____<br>No.  **21-C-01642-S2**<br>   _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT IN CIVIL ACTION

Plaintiff MARLA SPENCE [*hereinafter* "Plaintiff"] brings this Complaint against the above-named Defendants, FAMILY DOLLAR STORES OF GEORGIA, LLC, DOLLAR TREE STORES, INC, and JOHN DOE represents to the Court as follows:

**I. PARTIES AND JURISDICTION**

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant FAMILY DOLLAR STORES OF GEORGIA, LLC [*hereinafter* "Family Dollar"] is a foreign profit having a principal place of business of business at 500 Volvo Parkway, Chesapeake, VA 23320. Family Dollar has an entity, The Corporation Service Company, as a registered agent for service of process, which maintains a registered agent address of 40 Technology Parkway South, #300, Norcross, GA 30092, Gwinnett County. Service of process may be made upon its registered agent.

Copy from re:SearchGA

3.

Defendant DOLLAR TREE STORES, INC. [*hereinafter* "Dollar Tree"] is a Delaware limited partnership having a principal place of business of business at 500 Volvo Parkway, Chesapeake, VA 23320.  Dollar Tree has an entity, The Corporation Service Company, as a registered agent for service of process, which maintains a registered agent address of 40 Technology Parkway South, #300, Norcross, GA 30092, Gwinnett County.  Service of process may be made upon its registered agent.

4.

John Doe is an individual, entity, corporation, business, contractor, or subcontractor.  The true name and capacity of John Doe is currently unknown to Plaintiff.  Therefore, Plaintiff sues John Doe by a fictitious name. Plaintiff will amend the Complaint to show the true name of John Doe when such has been ascertained.

5.

Defendants maintain a registered agent office in Gwinnett County.  Venue is proper in this Court pursuant to O.C.G.A § 14-2-510 (b)(1).

6.

Venue in this court is proper as to all Defendants as joint-tortfeasors pursuant to Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

### III. NEGLIGENCE

7.

Plaintiff incorporates by reference paragraphs 1 through 6 above as if they were restated herein verbatim.

8.

On or about April 20, 2019, Plaintiff was an invitee at Family Dollar, located at 1123 N. Indian Creek Drive, Clarkston, GA 30021 (*hereinafter* "Premises or Property").

9.

On or about April 20, 2019, Plaintiff was shopping at the Family Dollar when she slipped and fell on liquid substance negligently left on the floor by Defendants. Plaintiff sustained bodily injuries as a result thereof.

10.

At all relevant times, Defendants occupied, managed, maintained, owned or leased the Premises and owed a duty of ordinary care to keep the Premises in a safe condition.

11.

At all relevant times, Defendants breached their duty of ordinary care by dropping the bottle of bleach and creating a hazardous condition.

12.

Under the substantive law of Georgia, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

13.

At all relevant times, Defendants breached their duty of care under o O.C.G.A. § 51-3-1, by failing to inspect and take safety measures to ensure the Premises was in a safe condition.

14.

Page **3** of **6**

Copy from re:SearchGA

At all relevant times, Defendants had actual and/or constructive knowledge of the hazard posed by the spilled bleach.

15.

At all relevant times, Defendants were negligent in failing to take adequate measures to warn or protect invitees, guests, and patrons from the unforeseen hazard presented by dropping the liquid substance on the floor.

16.

As the result of Defendants' negligence, Plaintiff suffered serious physical injury.

17.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

18.

Defendants are responsible for the acts and omissions of their employees pursuant to the Doctrine of *Respondeat Superior,* agency or apparent agency, and O.C.G.A. § 51-2-2.

## DAMAGES

19.

Plaintiff incorporates by reference thereto each and every preceding paragraph of the within Complaint and re-alleges those averments herein as if the same were more fully set forth verbatim.

20.

As a direct and proximate result of the negligent acts and omissions by Defendants, Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering.

Copy from re:SearchGA

21.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred in excess of $22,000, in past medical expenses.

22.

Defendants are indebted to Plaintiff for compensatory damages, past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages and loss of earning capacity; attorney's fees; expenses of litigation; and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff prays:

a. That process issue according to law;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a **trial by jury** in this matter;

d. That judgment be entered in favor of Plaintiff against the Defendants for personal injuries sustained and for physical, mental pain and suffering, past, present and future, in an amount to be determined by the enlightened conscience of an impartial jury;

e. That judgment be entered in favor of Plaintiff against the Defendant for medical expenses and lost wages with the exact amount of damages to be proven at trial;

f. That Plaintiff have such further relief as the Court may deem just and proper.

This 2nd day of March 2021.

/s/ Daphne Duplessis Saddler

Copy from re:SearchGA

                                        Daphne Duplessis Saddler
                                        Georgia Bar No. 575602
                                        Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 445-3146

Page **6** of **6**

Copy from re:SearchGA