IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Marla Spence,

    Plaintiff,

v.

    Case No. 1:21-cv-1154-MLB

Family Dollar Stores of Georgia,
LLC, and John Doe,

    Defendants.

_____/

## **OPINION & ORDER**

After a slip and fall incident, Plaintiff Marla Spence sued Defendants Dollar Tree Stores, Inc., Family Dollar Stores of Georgia, LLC, and John Doe in the State Court of Gwinnett County, Georgia.[1] (Dkt. 1-1.) Defendants removed the case. (Dkt. 1.) Plaintiff moves to remand. (Dkt. 7.) The Court grants that motion.

---

[1] Defendant Dollar Tree Stores, Inc., has since been dismissed without prejudice from this case. (*See* Dkts. 22; 23.)

## I. Background

On April 20, 2019, Plaintiff slipped on a liquid substance and fell at a Family Dollar store in Clarkston, Georgia. (Dkt. 1-1 ¶¶ 8–9.) As a result of the fall, Plaintiff claims she suffered "serious physical injuries." (*Id.* ¶ 16.) She seeks damages for past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; lost wages; loss of earning capacity; attorneys' fees; and litigation expenses. (*Id.* ¶ 22.) The complaint specifies she incurred $22,000 in past medical expenses. (*Id.* ¶ 21.)

Plaintiff sued Defendants in the State Court of Gwinnett County, Georgia. (Dkt. 1-1.) Defendants then removed the case to this Court. (Dkt. 1.) On March 30, 2021, Plaintiff moved to remand, claiming the amount in controversy is not satisfied. (Dkt. 7.) On April 20, 2021, Defendants untimely responded in opposition and moved separately for the Court to consider its untimely response as timely. (Dkts. 11; 12.) Plaintiff did not respond to Defendants' motion, so it is deemed unopposed. *See* Local Rule 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Given that there is no opposition to Defendants' motion, Plaintiff has not been prejudiced by

the week delay in Defendants' response, and this case is in its early stages, the Court exercises its discretion to consider Defendants' untimely response.

## II. Legal Standard

A case may be removed from state to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Aside from cases arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions between citizens of different states with an amount of controversy exceeding $75,000, 28 U.S.C. § 1332(a). A district court must construe removal statutes narrowly, resolving all doubts against removal. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

## III. Discussion

Plaintiff argues remand is appropriate because the amount in controversy is not satisfied. (Dkt. 7 at 5–6.) The complaint identifies a specific amount of damages—that is, $22,000—but this amount refers

3

only to the damages sought for Plaintiff's past medical expenses.² (Dkt. 1-1 ¶ 21.) But Plaintiff also seeks present and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; lost wages; loss of earning capacity; attorneys' fees; and litigation expenses. (*Id.* ¶ 22.) The complaint thus has no specific amount of *total* damages.

Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant, however, "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The defendant must simply meet the preponderance standard—showing actually damages will more likely than not exceed the minimum jurisdictional amount.

---

² In her motion to remand, Plaintiff represents to the Court that her medical expenses now exceed $24,000 as a result of recent medical bills. (Dkt. 7 at 5.)

4

In some cases, it may be "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement, "even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754). Here, the amount in controversy is not so apparent. Simply put, there is no way to determine from the complaint whether Plaintiff has been so badly injured as to make an award of over $75,000 more likely than not. The complaint merely asserts she suffered "substantial injuries and damages" as a result of the fall, specifies past medical expenses "in excess of $22,000," and seeks past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; lost wages; loss of earning capacity; attorneys' fees; and litigation expenses. (Dkt. 1-1 ¶¶ 20–22.) This generic list of unspecified damages does not suggest that the amount in controversy exceeds the jurisdictional amount. *See Williams v. Best Buy Co.,* 269 F.3d 1316, 1318, 1320 (11th Cir. 2001) (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and would continue to suffer these damages

in the future, along with a demand for both compensatory and punitive damages, did *not* render it facially apparent that the amount in controversy exceeded $75,000); *Grant v. Wal-Mart Stores E., LP*, No. 5:14-CV-119, 2014 WL 2930835, at *1 (M.D. Ga. June 27, 2014) (noting that the complaint "generically describe[d] the harm suffered as 'severe injuries that required extensive medical treatment'" and holding that "it [wa]s not facially apparent from the complaint that the amount in controversy exceed[ed] $75,000").

When the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and other types of relevant evidence. *See Roe*, 613 F.3d at 1061 (explaining that in some cases the removing defendant may need "to provide additional evidence demonstrating that removal is proper"); *Pretka*, 608 F.3d at 754 (citing Moore's Federal Practice, the Eleventh Circuit noted that in determining whether the removing defendant has satisfied its burden, a court "may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied"). If the basis for federal jurisdiction

is unclear from the notice of removal and accompanying documents, the court may not "speculate" about the amount in controversy. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007) ("[T]he existence of jurisdiction should not be divined by looking to the stars.").

In both the notice of removal and the opposition to remand, Defendants contend the amount in controversy exceeds $75,000.[3] (Dkts. 1 ¶ 6; 11 at 4.) Defendants argue it is met because there is evidence in the record to show Plaintiff has contemplated future medical treatment, she alleged specific knee injuries, and her injuries have caused her lost wages and diminished earning capacity. (Dkt. 11 at 5–6.) That Plaintiff may, on some unknown date in the future, receive medical treatment is too speculative to find that this action surpasses the jurisdictional threshold. *See Salazar v. Fam. Dollar Stores of Fla., Inc.*, No. 8:17-cv-1044-T-23JSS, 2017 WL 2729406, at *2 (M.D. Fla. June 26, 2017)

---

[3] Defendants briefly mention that a plaintiff can defeat diversity jurisdiction by claiming an unspecified amount of damages and providing no details about the value of his or her claim. (Dkt. 11 at 6.) While this is true, *Roe*, 613 F.3d at 1064, Defendants provide no evidence in this case that Plaintiff has done so. After a review of the docket, the Court finds no evidence Plaintiff has been deceitful or is trying to defeat federal jurisdiction with this "trick."

7

("Without any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor."); *Cobb v. Sanders*, No. 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (explaining that "the possibility of future medical expenses is not determinative" because "jurisdiction must exist at the time of removal"), *adopted by* 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016).

Regarding the knee, the Court is not sure where this allegation of specific knee injuries is located because it is not in the complaint and Defendants cite nothing for this contention. (*See* Dkts. 1-1; 11 at 5.) The Court assumes it is from the notice of removal, which states, "After speaking with Plaintiff's Counsel, Plaintiff is claiming a right knee injury requiring surgery and physical therapy." (Dkt. 1 ¶ 7.) Assuming that is true, neither party has provided a cost estimate for this surgery. Will it be "routine" knee surgery? Expensive knee surgery? Or really, really expensive knee surgery? Will it cost more than $10,000? $15,000? $35,000? Who knows, and the Court cannot guess. The mere possibility of a future surgery is too speculative. *See Cobb*, 2016 WL 4197595, at *3 (remanding in part because the record "is devoid of . . . concrete medical

evidence showing what, if any, future surgery may be necessary as a result of the accident"). The same applies to Defendant's argument regarding Plaintiff's need for physical therapy. While the Court can make reasonable inferences and deductions from the evidence presented, too many unsupported assumptions are required to include the cost of Plaintiff's potential surgery and physical therapy in the Court's jurisdictional consideration. *See Newbolds v. Amica Mut. Ins. Co.*, No. 8:19-cv-499-T-33CPT, 2019 WL 1035854, at *1 (M.D. Fla. Mar. 5, 2019) ("[T]he unspecified cost of [a] hypothetical future medical expense is too speculative to include in the Court's jurisdictional discussion.").

Lastly, Defendants' reliance on the fact that Plaintiff's injuries have caused her lost wages and diminished earning capacity is unavailing. To assign a dollar figure to those allegations would also be entirely speculative. The Court has no information on Plaintiff's employment or to what extent her injuries impacted her ability to work. *See Pierre v. Gov't Emps. Ins. Co.*, No. 8:17-cv-1108-T-33JSS, 2017 WL 2062012, at *3 (M.D. Fla. May 13, 2017) ("[The plaintiff] has alleged a loss of the ability to earn money, but the Court has not been supplied with information as to whether [she] is employed and, if so, the nature of her wages."); *Mujkic*

9

*v. Target Corp.*, No. 8:15-cv-2826-T-33TGW, 2015 WL 8590304, at *3 (M.D. Fla. Dec. 12, 2015) (same).

Additionally, Defendants rely on *Troupe v. C & S Wholesale Grocers, Inc.*, No. 5:09-CV-00098, 2009 WL 1938787 (M.D. Ga. July 2, 2009), for support. (Dkt. 11 at 5.) In that slip-and-fall case, the court concluded the jurisdictional amount was not facially apparent from the complaint, so it looked to the attachments to the notice of removal. *Troupe*, 2009 WL 1938787, at *2–3. Those documents provided extensive information about the plaintiff's injuries, including evidence the plaintiff "aggravated a pre-existing back injury," that she "complained of severe, unrelenting pain (sometimes categorized as an 8, 9, or 10 on a 10 point scale) which could not be controlled with medication," that her pain continued more than a year after the fall, that her injury prevented her from continuing in her occupation, that she had reduced her work load because of the pain, and many other details about the plaintiff's struggles. It was enough for that court to concluded the defendant had satisfied its burden of establishing that the damages more likely than not exceeded the jurisdictional amount. *Id.*

Regardless of whether this Court would assess similar information similarly, Defendants have provided no such details here. Neither the notice of removal nor Defendants' response contains any attachments providing additional information about the extent of Plaintiff's injuries.[4] Put simply, Defendants here have not done what the defendants in *Troupe* did to meet their burden.

For all these reasons, the Court finds Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See, e.g.*, *Robinson v. Peck*, No. 1:14-cv-01628, 2014 WL 5857235, at *4 (N.D. Ga. Nov. 12, 2014) (remanding a slip-and-fall case in which the plaintiff "allege[d] a generic scattershot list of unspecified damages" and did "not allege the nature of his injury, the body part or parts affected, the recovery period required, the method of treatment received, the cost of past treatment, or the projected cost of future treatment"); *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1379 (N.D. Ga. 2011) ("There is no precise description of

---

[4] The notice of removal has four attachments: (1) the summons and complaint, (2) the notice of removal, (3) Defendants' answers to the complaint, and (4) the civil cover sheet. (Dkts. 1-1; 1-2; 1-3; 1-4.) None of these documents elaborate on the extent of Plaintiff's injuries.

the extent of [the plaintiff's] injuries, other than that they are permanent. Without this information, and without any additional evidence from defendant, the court is unable to determine whether the amount in controversy requirement is satisfied.").

**IV. Conclusion**

The Court **GRANTS** Defendants' motion to consider untimely response as timely. (Dkt. 12.) The Court **GRANTS** Plaintiff's motion to remand (Dkt. 7) and **REMANDS** this action to the State Court of Gwinnett County, Georgia.

**SO ORDERED** this 29th day of June, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE